# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUBHI H. SHAHIN, | * |
|     Plaintiff, | * |
|     v. | *    Civil Action No. 8:20-cv-03242-PX |
| THE UNITED STATES OF AMERICA, | * |
|     Defendant. | * |

***

## MEMORANDUM OPINION

Pending before this Court is Defendant the United States of America (the "United States")'s Motion to Dismiss brought pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. ECF No. 7. The motions are fully briefed and no hearing is necessary. Loc. R. 105.6. For the following reasons, the motion is granted.

## I. Background

Pro se Plaintiff Subhi H. Shahin ("Mr. Shahin") is the primary caregiver for his wife, Donna L. Shahin ("Mrs. Shahin"), and son, Shahin S. Shahin ("Shahin Shahin"). They suffer from serious health issues which Mr. Shahin believes were caused by Mrs. Shahin's exposure to chemicals while working at Walter Reed Army Medical Center ("Walter Reed"), overseen by the Department of Defense ("DOD").[1] ECF No. 1 ¶¶ 3–5; *see also About Us*, Walter Reed National Military Medical Center, https://walterreed.tricare.mil/About-Us, (last visited July 13, 2021).

Mrs. Shahin began her career as a civilian research biochemist with Walter Reed in 1979. ECF No. 1 ¶ 3. At work, Mrs. Shahin was exposed to organic solvents which the Shahins believe may have caused birth defects in their son, Shahin Shahin. *See id.* ¶ 5. While still

---

[1] The United States received by mail a "First Amended Complaint," purporting to add Mrs. Shahin and Shahin Shahin as plaintiffs. ECF No. 7-1. The Court never received for filing this pleading, thus the original Complaint remains the operative one.

employed at Walter Reed, Mrs. Shahin gave birth to Shahin Shahin on December 29, 1983. *Id.* Several years later, on January 27, 1989, Mrs. Shahin collapsed while working at Walter Reed, and thereafter took extended medical leave. *Id.* ¶ 3. Since her collapse, Mrs. Shahin has experienced prolonged depression and other chronic, severe mental and physical health ailments. *Id.*; *see also* ECF No. 1-1 at 14–15.

In or around 1992, Mr. Shahin applied for worker's compensation benefits on Mrs. Shahin's behalf with the federal Office of Workers' Compensation Programs ("OWCP") and pursuant to the Federal Employees' Compensation Act ("FECA"). ECF No. 1 ¶¶ 3–4. The OWCP granted Mrs. Shahin benefits for her "prolonged depressive reaction," but declined any claims related to her claimed "chemical exposure" and refused to award compensation for Mrs. Shahin to hire an attendant. *Id.*; *see also* ECF No. 1-1 at 11. Mr. Shahin subsequently filed multiple appeals and requests for reconsideration to the Employees' Compensation Appeals Board, each of which was denied. ECF Nos. 1 ¶ 4; 1-1 at 11, 13–19.

Additionally, as Shahin Shahin matured, he was plagued with an array of physical illnesses. On July 16, 2001, doctors diagnosed him with myofascial pain syndrome and congenital lumbar spinal stenosis. ECF No. 1 ¶ 5. Shahin Shahin, now an adult, continues to suffer from debilitating chronic pain and depression. *Id.* ¶ 7.

Although Mr. Shahin addressed in the OWCP proceedings adverse outcomes associated with Mrs. Shahin's exposure to organic solvents, he now maintains that he did not know of the associated risks of birth defects as to Shahin Shahin until November 15, 2019. ECF No. 1 ¶ 7. Armed with this information, Mr. Shahin mounted an extensive campaign for help from various public officials. ECF No. 1-1 at 3–12, 20–21. He sent letters to the President of the United States, the Attorney General, the Department of Labor, and copied the DOD, chronicling his

family's injuries allegedly arising from their exposure to chemicals at Walter Reed and demanding millions of dollars in damages. *Id.*

Evidently dissatisfied with the outcome of these efforts, Mr. Shahin next turned to this Court. On November 9, 2020, Mr. Shahin filed this negligence suit on behalf of his wife and adult son and against the DOD. ECF No. 1; *see also* ECF No. 1-1 at 8 (explaining the cause of action as "simply negligence and tort"). The Complaint avers that the DOD negligently exposed Mrs. Shahin to toxins, and by extension, her son while in-utero, and that this exposure resulted in life-long illnesses which has rendered the family near destitute. ECF No. 1. As relief, the Complaint seeks more than 18.5 million dollars for "COVID 19 relief," an allowance for an attendant, and "to protect [Shahin Shahin's] future and to allow him to live with dignity." *Id.* at p. 3.

The United States moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). For the following reasons, the Court will grant the motion to dismiss.

## II. Standard of Review

Federal Courts are courts of limited jurisdiction, hearing only those cases that the courts are authorized to resolve by Congress and the Constitution. *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's limited subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Generally, questions of subject matter jurisdiction, "must be decided first, because they concern the court's very power to hear the case." *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n. 4 (4th Cir. 1999) (internal quotation marks omitted). The plaintiff bears the burden of

3

proving that subject matter jurisdiction exists by a preponderance of the evidence. *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

In reviewing a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The Court may grant a motion to dismiss on 12(b)(1) grounds "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647; *see also Jadhav*, 555 F.3d at 347–48.

A motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the Court "accepts the factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). The Court may also consider documents attached to the motion to dismiss when "integral to and explicitly relied on in the complaint, and when the [opposing parties] do not challenge the document[s'] authenticity." *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)) (internal quotation marks omitted).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate

*Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018), *vacated on other grounds*, 140 S. Ct. 2736 (2020). Where a party raises a statute of limitations defense, the Court may consider the defense in resolving the motion to dismiss so long as the facts sufficient to rule are clear from the Complaint. *Desgraviers v. PF-Frederick*, *LLC*¸ 501 F. Supp. 3d 348, 352 (D. Md. 2020) (quoting *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007)).

A district court must liberally construe a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The court may not, however, ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted). If the Court can reasonably read the complaint as stating a claim for relief, it should do so; however, a district court may not rewrite a complaint in order for it to survive a motion to dismiss. *Desgraviers*, 501 F. Supp. 3d at 351 (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## III. Analysis

### A. Parties in this Action

As an initial matter, the Court must address the difficulties arising from the pro se Complaint which fails to name as plaintiffs Mrs. Shahin and Shahin Shahin, the real parties in interest. Rule 17(a) of the Federal Rules of Civil Procedure requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A real party in interest is the one who is "entitled under the substantive law to enforce the right sued upon and who generally but not necessarily benefits from the action's final outcome." *Poteet v. Sauter*, 136 Md. App. 383, 400 (2001) (citing *Mid-Atlantic Power Supply Ass'n. v. Public Service Com'n*, 361 Md. 196, 221 (2000)). *See also Morton v. Schlotzhauer*, 449 Md. 217, 242 (2016);

*S. Down Liquors, Inc. v. Hayes*, 323 Md. 4, 7 (1991) (collecting sources). Thus, as a general matter, the party actually injured retains the sole right to pursue his or her own claims.

Rule 17(a)(1) sets out certain exceptions to this requirement, allowing suit to be brought on behalf of another when the named Plaintiff is "(A) an executor; (B) an administrator; (C) a guardian; (D) a bailee; (E) a trustee of an express trust; (F) a party with whom or in whose name a contract has been made for another's benefit; [or] (G) a party authorized by statute." *Id.* But the Complaint, read most favorably to the Shahins, does not make plausible that Mr. Shahin fits into any of these categories as to either his wife or his adult son. That said, it would be improper to dismiss this pro se Complaint for failure to include Mrs. Shahin and Shahin Shahin as named plaintiffs. Indeed, Rule 17(a)(3) recognizes that a Court "may not dismiss an action for failure to prosecute in the name of the real party in interest," where joinder or substitution is possible. Fed. R. Civ. P. 17(a)(3). Further, the Court may join real parties in interest to cure an "understandable mistake," *Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 171 (4th Cir. 2001), and where nothing suggests the failure to join the real parties in interest was a deliberate or tactical maneuver. *Callender v. Callender*, No. TDC-15-4015, 2016 WL 3647613, at *3 (D. Md. June 30, 2016).

When construing the Complaint liberally, Mrs. Shahin and Shahin Shahin clearly were intended to be named as pro se plaintiffs. ECF Nos. 1 at 3; 7-1 at 1 n. 1. The proposed amended complaint that had been sent to the United States reflects as much, and would likely have been accepted by the Court were it filed. The United States has also treated the claims as if brought by the Shahins collectively in its motion to dismiss. ECF No. 7-1 at 1 n. 1. Accordingly, the Court will join Mrs. Shahin and Shahin Shahin as named plaintiffs and address the substance of the motion as to all three plaintiffs.

The Court first turns to whether the Federal Employees Compensation Act ("FECA") precludes further relief on behalf of Mrs. Shahin.

**B. Claims Concerning Mrs. Shahin**

The Complaint seeks compensation for Mrs. Shahin's injuries arising from her exposure to solvents while at work. ECF No. 1. The Shahins, however, have previously sought worker's compensation through the federal OWCP arising from the same claimed injuries. Because Mrs. Shahin's injuries arose in her capacity as a federal employee, FECA applies.

By statute, FECA provides the exclusive remedy against the United States for federal employees injured during the performance of their duties. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 191 (1983); *see also* 5 U.S.C. § 8102. Under FECA, "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed,* 460 U.S. at 194; *Metz v. United States*, 723 F. Supp. 1133, 1135–36 (D. Md. 1989). Where FECA applies, and a claim is reviewed by the OWCP, a federal court is divested of jurisdiction over such claim. *See Southwest Marine v. Gizoni*, 502 U.S. 81, 90 (1991); *Metz*, 723 F. Supp. at 1136.

The Complaint makes clear that Mrs. Shahin suffered from chemical exposure while on the job at Walter Reed. ECF No. 1 ¶¶ 3, 5. Further, the Shahins pursued these claims under FECA and before the OWCP. *Id.* ¶¶ 3–4. The agency approved benefits in connection with some of Mrs. Shahin's claims but denied others—including her "chemical exposure" claims. *Id*. Thus, as a matter of law, Mrs. Shahin cannot now pursue the same work-related claims before this Court. *See, e.g.*, *Metz*, 723 F. Supp. at 1136–37. Accordingly, claims arising from Mrs. Shahin's exposure to chemical solvents while at Walter Reed are dismissed without prejudice.

### C. Claims Concerning Shahin Shahin

The remaining claims, liberally construed, relate to Shahin Shahin's "birth defects" arising from his in-utero exposure to toxic solvents. Thus, the claims are subject to the Federal Tort Claims Act ("FTCA"), 28 U.S.C §§ 2671–80, 1346. By enacting the FTCA, Congress waived sovereign immunity for the United States only as to certain tort claims and under certain conditions. *Strand v. United States*, 233 F. Supp. 3d 446, 454–55 (D. Md. 2017); *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996). Relevant here, the FTCA allows suit for money damages for personal injury claims caused by the negligence of any Government employee acting within the scope of employment and "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, before bringing suit, a plaintiff must present the claim to the federal agency. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). *See* 28 U.S.C. § 2675(a) (an action under the FTCA "shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency.").

A properly filed notice of suit must be submitted either on "Standard Form 95" or by some "other written notification of an incident" and be "accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). The claim must also be "presented in writing to the appropriate Federal agency within two years after such claim accrues . . ." or the action is time-barred. 28 U.S.C. § 2401(b).

Failure to adhere to these notice requirements compels dismissal of the claims, unless a plaintiff can demonstrate he is entitled to equitable tolling. *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015); *Cibula v. United States*, No. DKC-15-2806, 2016 WL 1599778, at *2 (D. Md. Apr. 21, 2016).[2] Equitable tolling is available for a plaintiff's claims "only if he shows that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Raplee v. United States*, No. PWG-13-1318, 2015 WL 9412520, at *2 (D. Md. Dec. 22, 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The Complaint clearly pleads Shahin Shahin's injuries as "birth defects" originating with Mrs. Shahin's exposure to organic solvents while pregnant and working at the medical facility. ECF No. 1 ¶ 5. But nothing in the Complaint makes clear that the Shahins complied with the administrative notice requirements under the FTCA. At best, the Complaint includes as an attachment a letter dated November 20, 2019, to the Attorney General which sets out the factual basis for the claims and the money damages sought. The "U.S. Department of Defense Office of Inspector General" appears to be copied on the letter. ECF No. 1-1 at 8–9. Because Plaintiffs proceed pro se, the Court will liberally construe this correspondence as the notice required under the FTCA.

Nonetheless, Shahin Shahin's claims appear to be time-barred because the Shahins failed to provide such notice within two years after the claim accrued. 28 U.S.C. § 2401(b). A personal injury cause of action under the FTCA accrues when the plaintiff discovers "or, in the

---

[2] The United States contends that lack of pre-suit notice under the FTCA divests this Court of subject matter jurisdiction. ECF No. 7 at 5–7. But the Supreme Court has made clear that the notice requirements of § 2401(b) are not jurisdictional because the provision "speaks only to a claim's timeliness, not to a court's power." *Kwai Fun Wong*, 575 U.S. 402 at 410–13. Accordingly, the Court will construe this challenge as to brought pursuant to Rule 12(b)(6) for failure to state a claim.

exercise of due diligence, should have known both the existence and the cause of his injury." *Gould v. U.S. Dep't of Health & Hum. Servs.*, 905 F.2d 738, 742 (4th Cir. 1990)). "[O]nce a prospective plaintiff learns of his injury, he is on notice that there may have been an invasion of his legal rights and that he should investigate whether another may be liable to him." *Fleming v. United States*, 200 F. Supp. 3d 603, 608–09 (D. Md. 2016) (quoting *Gould*, 905 F.2d at 742). Limitations, therefore, begins to run once a plaintiff knows or should have known through reasonable investigation that he is injured as a result of the defendant's negligence. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (citing *U.S. v. Kubrick*, 444 U.S. 111, 120 (1979)).

The Complaint, construed most favorably to Shahin Shahin demonstrates that he complained of pain "for many years" during his childhood and into adulthood. ECF No. 1 ¶ 5. The Shahins also knew Mrs. Shahin had been exposed to toxic chemicals during her pregnancy in 1983, and they litigated before the OWCP beginning in 1992 that the exposure caused myriad health problems for her. By that time, as the Shahins were pressing a clear causal connection between exposure and Mrs. Shahin's illnesses, they would have been on notice to investigate the same possible claim regarding Shahin Shahin's ailments. *See Gould*, 905 F.2d at 746; *Hahn v. United States*, 313 F. App'x 582, 586 (4th Cir. 2008); *cf. Migliarese v. United States*, 542 F. Supp. 2d 434, 438–40 (M.D.N.C. 2008) (explaining that "[e]ven in medical cases, the plaintiff must exercise diligence" by inquiring as to the causal connection between a known injury and its probable cause) (quoting *Johnson v. U.S.*, 460 F.3d 616, 622 (5th Cir. 2006)). Moreover, even if this Court allows for Shahin Shahin to reach majority age so that he may sue in his own right, he turned eighteen on December 29, 2001. The letter copied to DOD was submitted nearly eighteen years later, and thus well beyond the FTCA two-year time limitation for providing notice of the claim.

The Complaint avers, however, that Mr. Shahin "found out" as of November 15, 2019, that "exposure to organic solvents during the first trimester of pregnancy can increase the risk of birth defect." ECF No. 1 ¶ 6. The Shahins submitted the letter to DOD five days later. ECF No. 1-1 at 8–9. The Court recognizes that the Shahins may be attempting to aver that the causal connection between Shahin Shahin's longstanding illnesses and the solvents to which he was exposed in-utero did not become known in the medical community, and thus to him, until November 15, 2019. But the Complaint facts are thin on the circumstances giving rise to this late-breaking discovery. *See Hahn*, 313 F. App'x at 586 (affirming dismissal of FTCA claim where plaintiff "was put on notice of an injury and would have discovered the likely cause of this injury had he exercised due diligence."); *Harig v. Johns-Manville Products Corp.*, 284 Md. 70, 74–83 (2008) ("[I]n situations involving the latent development of disease, a plaintiff's cause of action accrues when he ascertains, or through the exercise of reasonable care and diligence should have ascertained, the nature and cause of his injury.").

Likewise, as the United States aptly argues, the Complaint fails to include facts that make plausible any connection between Mrs. Shahin's exposure to unnamed "solvents" and Shahin Shahin's illnesses. ECF No. 7 at 2 n. 3. Taking as true and most favorably to the Plaintiffs that Mrs. Shahin was exposed to toxic chemicals while pregnant with Shahin Shahin and that he suffered with ailments his entire life, the Complaint still must include facts which make plausible that those events are causally connected. Mere correlation does not equal causation. *See Young v. U.S.*, 667 F. Supp. 2d 554, 561–62 (D. Md. 2009) (explaining requirement that "defendant's negligence must be both a cause in fact of the injury and a legally cognizable cause.").

The Court recognizes that the Shahins proceed pro se. Further the parties had not briefed whether the DOD letter, if construed as proper notice under the FTCA, still was filed out of time.

11

Nor have the parties briefed whether equitable tolling should save the claims as to Shahin Shahin. *See, e.g., Muth*, 1 F.3d at 250–51; *Kwai Fun Wong*, 575 U.S. at 412. Accordingly, the Court must dismiss without prejudice this claim and permit Shahin Shahin to amend the Complaint to cure these defects *if possible*. Specifically, Plaintiffs shall have 28 days from the date of this Order to file an Amended Complaint which includes:

A. Addition of Shahin-Shahin as a named Plaintiff;

B. To the extent Mr. Shahin pursues the claim for Shahin Shahin as his legal guardian, a clear explanation as to how Mr. Shahin retains legal authority to pursue the claim on behalf of his adult son, pursuant to one of the categories enumerated in Rule 17(a);

C. Additional facts that make plausible the causal connection between Mrs. Shahin's exposure to toxins while working at Walter Reed and Shahin Shahin's "birth defects";

D. An explanation as to how and why a reasonable investigation of Shahin Shahin's claim could not have unearthed the causal connection between Shahin Shahin's in-utero exposure to "organic chemical solvents" and Shahin Shahin's illnesses until November 15, 2019.

Failure to address the above-stated deficiencies will result in dismissal of the remaining claims with prejudice.

A separate order follows.

| | |
|---|---|
| 7/14/21 | /s/ |
| Date | Paula Xinis<br>United States District Judge |